SEYFARTH SHAW LLP
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Robert C. Stevens (admitted pro hac vice)
bstevens@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500

Attorneys for Plaintiff VERITIV LANDSBERG

Agnes M. Sullivan (SBN 240388)
asullivan@goodsullaw.com
GOODMAN SULLIVAN LAW GROUP
9171 Wilshire Blvd,, Suite 500
Beverly Hills, CA 90210
Telephone: (310)890-5529

Attorneys for Defendant ANTHONY MORA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

VERITIV LANDSBERG,

Plaintiff,

v.

ANTHONY MORA, an individual,

Defendant.

CASE NO. 8:25-CV-02418-JVS-ADS

Hon. James V. Selna

**JOINT RULE 26(f) REPORT**

Date action filed: Oct. 24, 2025

Plaintiff Veritiv Landsberg ("Plaintiff" or "Veritiv") and Defendant Anthony Mora ("Defendant" or "Mora") respectfully submit the following Joint Rule 26(f) Report.

## JOINT RULE 26(f) REPORT

**a. Synopsis:**

This action arises from a dispute between Plaintiff Veritiv Landsberg and its former employee, Defendant Anthony Mora, concerning Defendant's alleged access to, copying, retention, deletion, and handling of Plaintiff's electronic files and information in the period leading up to and after Defendant's resignation.

Plaintiff alleges that Defendant violated company policies and express instructions by transferring a large volume of files, including confidential, proprietary, and trade secret information, to personal external storage devices, failing to return all such materials, and deleting or altering data. Plaintiff asserts federal and state law claims, including claims under the Computer Fraud and Abuse Act, the Defend Trade Secrets Act, the California Uniform Trade Secrets Act, California Penal Code section 502, and related common law claims such as breach of duty of loyalty, fraud, interference with prospective economic advantage, conversion, and unfair competition. Plaintiff seeks damages, injunctive relief, and equitable remedies.

Defendant disputes liability and denies that his conduct was unlawful or caused Plaintiff cognizable harm. Defendant further denies that he misappropriated trade secret or proprietary information, contends that any copied materials largely consisted of personal documents and photographs rather than proprietary materials, and contends that Plaintiff is in possession of its files, drives, computers, telephones, and other issued property. Defendant asserts affirmative defenses including failure to state a claim, lack of damages, good faith, waiver, estoppel, failure to mitigate, laches, unclean hands, and that Plaintiff's claims constitute an unlawful attempt to restrain lawful employee mobility under California law.

**b. Legal issues:**

The principal legal issues in this case include whether the information at issue constitutes confidential, proprietary, or trade secret information under federal and California law; whether Defendant misappropriated, retained, used, deleted, or failed to return such information; whether Defendant exceeded authorized access to Plaintiff's computer systems; and whether Defendant acted with the requisite intent under the asserted statutory and common law claims; and whether Plaintiff was harmed in any way. Additional legal issues include whether Defendant acted in good faith, whether any alleged damages are speculative, and whether Plaintiff's claims improperly restrict lawful employee mobility under California law.

**c. Damages:**

Plaintiff's damages are continuing to be investigated and will be further developed through discovery and expert analysis. Defendant disputes that Plaintiff has suffered any cognizable damages or harm. Defendant further denies that Plaintiff has suffered any monetary damage, irreparable harm, or any harm caused by Defendant's alleged conduct.

**d. Insurance:**

The parties are not presently aware of any insurance policy that provides coverage for the claims asserted in this action.

**e. Motions:**

At this time, the parties do not intend to seek leave to add additional parties or claims, to file amended pleadings, or to transfer venue. However, the parties reserve their respective rights to seek to add parties or claims, or to amend the pleadings, should information obtained through discovery warrant such relief. The parties further anticipate motion practice concerning the pleadings, summary judgment or partial summary judgment, expert issues, evidentiary issues, and matters arising from forensic or third-party discovery.

**f. Discovery and experts:**

The parties do not propose any changes at this time to the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). Discovery is expected to focus on, among other subjects, Defendant's access to and use of Plaintiff's computer systems; the nature, status, and handling of the information at issue; compliance with company policies and court orders; alleged deletion or retention of files; Defendant's intent and conduct; causation; damages or alleged harm; and Defendant's asserted affirmative defenses. Discovery is also expected to focus on whether the information at issue is in fact confidential, proprietary, or trade secret information; whether Plaintiff is already in possession of its files, devices, and other property; whether Defendant acted with authorization or in good faith; and whether any alleged damages are speculative or unsupported.

Discovery has been limited at this stage and has primarily consisted of limited document requests and interrogatories, and compliance efforts relating to the Court's preliminary injunction and expedited discovery order. The parties anticipate that discovery will include document production, third-party discovery, forensic discovery, and depositions. At this time, the parties do not propose phased discovery or modifications to the presumptive discovery limits, and no additional Court orders are presently anticipated. The parties may, however, need to address the scope of forensic discovery and appropriate confidentiality protections as discovery proceeds.

The parties anticipate taking depositions consistent with the limits set forth in the Federal Rules of Civil Procedure. Plaintiff anticipates taking up to ten fact depositions, and Defendant anticipates taking up to ten fact depositions.

The parties anticipate the use of expert witnesses, including experts related to computer forensics and damages. Expert disclosures should proceed under Federal Rule of Civil Procedure 26(a)(2) on a schedule to be determined by the Court at the scheduling conference.

**g. Dispositive motions:**

The parties anticipate that issues potentially subject to resolution by motion for summary judgment may include, among other things, whether the information at issue qualifies as confidential or trade secret information under applicable law; whether Defendant misappropriated, retained, or used such information; whether Defendant exceeded authorized access to Plaintiff's computer systems; whether Plaintiff suffered cognizable damages or irreparable harm; and the applicability of Defendant's asserted affirmative defenses. Such issues may also include whether Defendant acted with the requisite intent, whether any alleged damages are speculative, and whether Plaintiff's claims are barred in whole or in part by defenses including good faith, waiver, estoppel, failure to mitigate, unclean hands, laches, or California employee-mobility principles.

The parties further anticipate that motions in limine may be appropriate to address the admissibility or scope of evidence relating to alleged damages, expert testimony, and other trial issues.

**h. Settlement and settlement mechanism:**

The parties are currently engaged in informal settlement negotiations, and they have exchanged proposed settlement terms. The parties are optimistic about reaching an informal resolution. The parties remain open to continued informal settlement efforts and ADR Pursuant to L.R. 16-15.4, the parties select ADR Procedure No. 1.

**i. Trial estimate:**

The parties anticipate that this matter will be tried to a jury. The parties estimate that trial will require approximately five days. Each party anticipates calling approximately six to eight witnesses, including fact and expert witnesses.

**j. Timetable:**

See attached Exhibit A.

**k. Other issues:**

The parties do not have any other issues to report at this time, but may need to address issues concerning confidentiality protections, protective-order provisions, and the scope and protocol for forensic discovery as the case proceeds.

**l. Conflicts:**

OPS US Holdings Inc. is a Delaware corporation that owns 100% of the equity of Plaintiff Veritiv Landsberg. OPS US Holdings Inc. is a privately held corporation, and no publicly traded corporation owns 10% or more of the stock of OPS US Holdings.

**m. Patent cases:**

Not applicable.

**n. Magistrates:**

The parties do not wish to have a Magistrate Judge preside.

DATED: April 20, 2026

SEYFARTH SHAW LLP

By: */s/ D. Joshua Salinas*
D. Joshua Salinas
Robert C. Stevens (admitted pro hac vice)
Attorneys for Plaintiff VERITIV LANDSBERG

DATED: April 20, 2026

GOODMAN SULLIVAN LAW GROUP

By: */s/ Agnes M. Sullivan*
Agnes M. Sullivan
Attorneys for Defendant ANTHONY MORA

.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Agnes M. Sullivan, counsel for Anthony Mora, and that I have obtained Ms. Sullivan's authorization to affix his electronic signature to this document.

*/s/ D. Joshua Salinas*
D. Joshua Salinas

# EXHIBIT A

**JUDGE JAMES V. SELNA**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert specific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: 5 days | 8:30 a.m. (Tuesdays) | | 3/17/2027 | 3/17/2027 | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | −1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to Statement of Case | 11:00 a.m. (Mondays) | −2 | 3/2/2027 | 3/2/2027 | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | −3 | 2/24/2027 | 2/24/2027 | |
| Last day for hand−serving Motions in Limine | | −6 | 2/3/2027 | 2/3/2027 | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | −7 | 1/26/2207 | 1/26/2027 | |
| Last day for hand−serving motions and filing (other than Motions in Limine). | | −11 | 12/27/2026 | 12/27/2026 | |
| Non−expert Discovery cut−off | | −15 | 11/30/2026 | 11/30/2026 | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16−14 Settlement Choice: (1) CT/USMJ (2) Court Mediation Panel (3) Private ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut−off | | | 12/14/2026 | 12/14/2026 | |
| Rebuttal Expert Witness Disclosure | | | 1/4/2027 | 1/4/2027 | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 1/11/2027 | 1/11/2027 | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or add parties | | | | | |

Revised 4−14−16